UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANK CARABALLO,                    )
            Plaintiff        )
                             )
        v.                   )  C.A. NO. 07-cv-10591-MAP
                             )
MICHAEL J. ASHE, ET AL,      )
            Defendants       )


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 54)

April 13, 2010

PONSOR, U.S.D.J.

In accordance with the Pretrial Scheduling Order issued by Magistrate Judge Kenneth P. Neiman on June 23, 2009, Defendants have filed their Motion for Summary Judgment. Plaintiff's opposition to the motion was due on April 9, 2010.  Plaintiff, who appears pro se, was fully aware of the deadline for filing opposition, both from the written Pretrial Scheduling Order and from the status conference on February 23, 2010, when Plaintiff was brought in via habeas corpus in person and was reminded of the schedule.

No opposition has been filed to the Motion for Summary Judgment as required by the scheduling order.  Moreover, the court has received a Notice of Returned Motion for Summary Judgment (Dkt. No. 60) from Defendants' counsel, indicating that Defendants' motion was served upon Plaintiff at his last known address: MCI Cedar Junction, P. O. Box 100, South

Walpole, MA  02071.  Defendants report that the motion was returned with the indication that Plaintiff had been released from the facility and that no forwarding address was provided.

Local Rule 83.5.2(e) of the Local Rules for the United States District Court for the District of Massachusetts requires that "[e]ach attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address. . . ."  This district has recognized that violation of this Local Rule leaves the court with "no means" of notifying a pro se litigant of its intention to dismiss a case.  Schofield v. Maloney, C.A. No. 98-40176-NMG (D. Mass. March 20, 2000) 2000 U.S. Dist. LEXIS 3782 at 2.

Based on the foregoing, Defendants' Motion for Summary Judgment (Dkt. No. 54) is hereby ALLOWED.  The clerk is ordered to enter judgment for all Defendants.  This ruling is based both on the merits of the motion and the failure to oppose.  Even if the court were disinclined to allow the motion for summary judgment, it would dismiss the case for failure to respect the Local Rules and for failure to prosecute and comply with the court's order, under Fed. R. Civ. P. 41(b).  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge